**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:21-cr-44-WFJ-TGW

HENRI MANRIQUE ESTACIO
_____/

## **ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Henri Manrique Estacio, USM#: 21156-104, moves (Dkt. 126) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On February 9, 2022, Henri Manrique Estacio was sentenced under 46 U.S.C. §§ 70503(a), 70506(a)(b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 70 months. Henri Manrique Estacio's total offense level was 27. He was assessed no criminal history points, and his criminal history was category I. Mr. Manrique Estacio's advisory sentencing range was 70 to 87 months, and he received a sentence at the bottom of the advisory range. The Bureau of Prisons reports that his projected release is February 17, 2026.[1]

---

[1] This is the date in the USPO's memorandum. The BOP website shows a release date of March 21, 2025 (last checked 8/13/2024).

2

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Henri Manrique Estacio is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 25 and reduces his advisory sentencing range to 57 to 71.  The Federal Defender appears, confirms Henri Manrique Estacio's eligibility for a reduction, and moves unopposed to reduce his sentence to 57 months (a 13-month reduction in sentence).

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  This was a massive Colombian marine cocaine smuggling crime, on a low-profile vessel.  The defendant received a massive break because the boat was flooding (intentionally or accidentally) when boarded.  Only one 30-kilo bale could be recovered, but 10–12 other bales were seen in the flooded hold of the vessel.  Thus he was only charged with less than 10% of what he smuggled.  *See* Dkt. 95 at 5–7.  He got a big reduction by the flooding.  Any further reduction would impair statutory consideration of the need to reflect the seriousness of the offense behavior.

Defendant Henri Manrique Estacio's motion (Dkt. 126) is denied.

**DONE AND ORDERED** at Tampa, Florida on August 13, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE